UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JOHN HAMBRIGHT, II #567780, ) ) ) | |
| Petitioner, ) ) | NO. 1:20-cv-00083 |
| v. ) ) | JUDGE CAMPBELL |
| WARDEN SHAWN PHILLIPS, ) ) | |
| Respondent ) | |

## MEMORANDUM AND ORDER TO SHOW CAUSE

Petitioner filed a pro se Petition for the Writ of Habeas Corpus under 28 U.S.C. § 2254 and an Application to Proceed in Forma Pauperis (IFP). (Doc. Nos. 1, 2.) He has now submitted the proper support for his IFP Application. (Doc. No. 6.) Because it appears from his submissions that Petitioner lacks sufficient funds to pay the filing fee in this case, his IFP Application (Doc. No. 2) is **GRANTED**. Accordingly, the Petition is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").

Under Habeas Rule 4, the Court must dismiss the Petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See also Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011) (citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994)) ("If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition."). Here, the face of the Petition reflects that it is not timely.

There is a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). This period begins to run "from the latest of" the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D). It appears from the face of the Petition that the challenge to Petitioner's 2016 conviction, which he did not appeal or challenge through state post-conviction procedures, is untimely under this standard.

The "one-year limitations period is not a jurisdictional bar and is subject to equitable tolling in certain instances." *Ata v. Scutt*, 622 F.3d 736, 741 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Equitable tolling is "a doctrine that 'allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). The doctrine of equitable tolling is applied "sparingly." *Id.* (quoting *Robertson v. Simpson*, 624 F.3d at 784). A petitioner seeking equitable tolling bears the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); Ata, 662 F.3d at 741 (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)) ("[T]he petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling.").

Petitioner asserts that he just became aware of his right to challenge his conviction. (Doc. No. 1 at 14.) But the law is clear that a prisoner's lack of actual knowledge about available legal remedies or the time limits for pursuing them is not a sufficient basis for equitable tolling. *Allen v.*

2

*Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (lack of actual knowledge of § 2244 deadline insufficient to toll); *Reed v. United States*, 13 F. App'x 311, 313 (6th Cir. 2001) (holding that "ignorance about filing a § 2255 motion did not toll the limitations period"); *Clinton v. Bauman*, No. 10-11528, 2011 WL 282384 (E.D. Mich. Jan. 25, 2011) (ignorance of state post-conviction remedies did not warrant tolling); *Williams v. Warden of Lieber Corr. Inst.*, No. 0:12-1705, 2013 WL 1857268 (D.S.C. May 2, 2013) (petitioner's unawareness that he could file a federal habeas petition not grounds for equitable tolling). Petitioner's claim that his counsel was ineffective does not change that circumstance, because ignorance of the available remedies does not warrant equitable tolling even when it is the result of lack of advice from counsel: "[i]nsufficient legal advice is not enough to support equitable tolling in the Sixth Circuit." *Steward v. Moore*, 555 F. Supp. 2d 858, 872 (N.D. Ohio 2008) (citing *Jurado v. Burt*, 337 F.3d 638, 644–45 (6th Cir. 2003)). Accordingly, Petitioner must show cause why his Petition should not be dismissed as untimely.

Moreover, a cursory review of the Petition reveals that Petitioner has not alleged sufficient facts to state a viable claim for habeas relief. His entire statement in support of his claim for ineffective assistance of counsel is that he "was appointed a public defender that [he] didn't get to meet or speak to until the day of [his] settlement date in court." (Doc. No. 1 at 6.) But to prevail on a federal claim of ineffective assistance, a petitioner must establish (1) that counsel's performance was objectively deficient, and (2) that the deficiency prejudiced the petitioner so as to render the proceeding fundamentally unfair. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). When a petitioner claims that "ineffective assistance led to the improvident acceptance of a guilty plea," the prejudice prong of <u>Strickland</u> requires him to "show 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.'" *Lafler v.*

3

*Cooper*, 566 U.S. 156, 163 (2012). Accordingly, to proceed with his claim for ineffective assistance, Petitioner must identify what actions counsel took or failed to take that he asserts were objectively deficient and must explain how that deficiency prejudiced his case. The current Petition fails to meet that standard.

To correct these deficiencies, Petitioner **MUST** submit an amended petition, within **30 days** of entry of this Order, in which he (1) more clearly sets forth the facts underlying his ineffective-assistance claim and (2) provides the full extent of his explanation for why his Petition should not be dismissed as untimely. The Clerk is **DIRECTED** to send Petitioner a new blank form Petition Under 29 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody (http://www.tnmd.uscourts.gov/files/relief_petition.pdf). The amended petition must be typewritten or <u>neatly</u> printed, with a 1-inch blank margin on each page, and each claim must be clearly and separately numbered. Petitioner's submission must reflect the docket number assigned to this matter (1:20-cv-00083). The amended petition will be the only petition reviewed by the Court or (if it survives initial review) answered by Respondent, so Petitioner **MUST** make sure that it coherently identifies all of his grounds for relief.

Petitioner is cautioned that if he fails to comply with the instructions of the Court within the specified time, or to advise the court promptly of any change of address, this action may be dismissed for failure to comply with the instructions of the court and for want of prosecution. Fed. R. Civ. P. 41(b).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE