# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| JOHN HAMBRIGHT, II #567780, ) ) ) Petitioner, ) ) v. ) ) WARDEN SHAWN PHILLIPS, ) ) Respondent ) | NO. 1:20-cv-00083 JUDGE CAMPBELL |

## MEMORANDUM AND ORDER

On January 22, 2021, the Court observed that there was reason to believe the Petition in this habeas action was untimely and that Petitioner had not alleged sufficient facts to state a viable claim for habeas relief. Accordingly, the Court ordered Petitioner to show cause why the case should not be dismissed as untimely and to file an amended petition setting forth the facts underlying his claim that his trial counsel was constitutionally ineffective. (Doc. No. 3).

Petitioner now moves the Court to appoint counsel to assist in the preparation of his amended petition. (Doc. No. 9). Under federal law, counsel "may" be appointed in Section 2254 proceedings "[w]henever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). As indicated by the permissive language of the statute, appointment of counsel in a non-capital habeas case is generally discretionary with the district court. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). There is no constitutional right to counsel in a habeas proceeding. *Post v. Bradshaw*, 422 F.3d 419, 423 n.1 (6th Cir. 2005). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona*, 325 F. Supp.

2d 778, 787 (E.D. Mich. 2004); Rule 8(a), Rules Gov'g § 2254 Cases. Generally speaking, the appointment of counsel in a habeas case is granted only in "exceptional" circumstances, such as when a petitioner has made a colorable claim but lacks the means to adequately investigate, prepare or present the claim. *Lemeshko*, 325 F. Supp. 2d at 788 (citing *Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998)); *see also Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002) (noting that the appointment of counsel is justified "if, given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, [he] could not obtain a lawyer on [his] own, and [he] would have had a reasonable chance of winning with a lawyer at [his] side" (quoting *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997)).

At this stage, it is not clear that Petitioner has a colorable claim for relief or even that his claim is subject to review rather than being barred by the statute of limitations. There is no reason to believe that the case presents any unusual complexities, problems, or conflicts that require the appointment of counsel, and no evidentiary hearing is currently anticipated. Petitioner offers no extraordinary reason—or any reason at all—for requiring the assistance of counsel at this point. Because Petitioner has failed to demonstrate that the interests of justice require appointment of counsel at this time, his motion (Doc. No. 9) is **DENIED**, without prejudice to his ability to raise the issue again should circumstances warrant, or the Court's ability to raise the issue itself.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE