UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JOHN HAMBRIGHT, II #567780, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) ) |
| WARDEN SHAWN PHILLIPS, | ) ) ) |
| Respondent | ) |

NO. 1:20-cv-00083

JUDGE CAMPBELL

## MEMORANDUM AND ORDER

Petitioner filed a pro se Petition for the Writ of Habeas Corpus under 28 U.S.C. § 2254 and was permitted to proceed as a pauper. (Doc. Nos. 1, 7.) On initial review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), the Court determined that the Petition was deficient in several respects, including that it appeared to be untimely. (Doc. No. 7.) Accordingly, the Court ordered Petitioner to file an amended petition and to show cause why this case should not be dismissed as untimely. (*Id.*) The petitioner filed his Amended Petition, which is before the Court for review. (Doc. No. 11.)

Under Habeas Rule 4, the Court must dismiss any habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See also Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011) (citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994)) ("If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition."). Here, the face of the Amended Petition still reflects that this action is not timely.

There is a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). This period begins to run "from the latest of" the following four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D). The pending 2020 challenge[1] to Petitioner's 2016 conviction, which he did not appeal or challenge through state post-conviction procedures (Doc. No. 11 at 1–3), is untimely under this standard.

The "one-year limitations period is not a jurisdictional bar and is subject to equitable tolling in certain instances." *Ata v. Scutt*, 622 F.3d 736, 741 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Equitable tolling is "a doctrine that 'allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). The doctrine of equitable tolling is applied "sparingly." *Id.* (quoting *Robertson v. Simpson*, 624 F.3d at 784). A petitioner seeking equitable tolling bears the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Ata*, 662 F.3d at 741 (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002))

---

[1] The Court deems the Petition filed on December 7, 2020, the day it was purportedly submitted to prison authorities to be mailed. (Doc. No. 1 at 15.)

2

("[T]he petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling.").

Petitioner originally asserted that his Petition should be deemed timely because he had just become aware of his right to challenge his conviction. (Doc. No. 1 at 14.) But the law is clear that a prisoner's lack of actual knowledge about available legal remedies or the time limits for pursuing them is not a sufficient basis for equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (lack of actual knowledge of § 2244 deadline insufficient to toll); *Reed v. United States*, 13 F. App'x 311, 313 (6th Cir. 2001) (holding that "ignorance about filing a § 2255 motion did not toll the limitations period"); *Clinton v. Bauman*, No. 10-11528, 2011 WL 282384 (E.D. Mich. Jan. 25, 2011) (ignorance of state post-conviction remedies did not warrant tolling); *Williams v. Warden of Lieber Corr. Inst.*, No. 0:12-1705, 2013 WL 1857268 (D.S.C. May 2, 2013) (petitioner's unawareness that he could file a federal habeas petition not grounds for equitable tolling). Petitioner's claim that his counsel was ineffective does not change that circumstance, because ignorance of the available remedies does not warrant equitable tolling even when it is the result of lack of advice from counsel: "[i]nsufficient legal advice is not enough to support equitable tolling in the Sixth Circuit." *Steward v. Moore*, 555 F. Supp. 2d 858, 872 (N.D. Ohio 2008) (citing *Jurado v. Burt*, 337 F.3d 638, 644–45 (6th Cir. 2003)).

Petitioner now asserts that his Amended Petition should not be barred as untimely because he "didn't have access to legal materials until [he] was transferred to state prison system." (Doc. No. 11 at 13.) This argument fails for several reasons.

First, Petitioner does not say when he was transferred to the state prison system following his 2016 conviction, and the burden is on him to establish grounds for equitable tolling. There is

no basis on the face of the Amended Petition for the court to presume that the transfer was so recent that Petitioner could not have filed his Petition in a timely fashion.

Second, even assuming that Petitioner was only recently transferred to a prison with legal materials available, "it is well-settled in the Sixth Circuit that petitioner's pro se status, lack of legal knowledge, or **lack of access to legal materials are not sufficient to warrant equitable tolling**." *Taylor v. Warden, Chillicothe Corr. Inst.*, No. 1:19-CV-273, 2020 WL 2468738, at *4 (S.D. Ohio May 13, 2020), *report and recommendation adopted*, No. 1:19-CV-273, 2020 WL 3290906 (S.D. Ohio June 18, 2020) (emphasis added) (collecting cases). Moreover, neither the Petition nor the Amended Petition cites or otherwise evidences any reliance on legal research, such that the lack of earlier access to legal materials would explain their late filing. Petitioner has thus failed to establish any extraordinary circumstance that prevented his timely filing.

And third, Petitioner waited for four and a half years between his conviction and the point at which he felt he had sufficient resources to file his Petition, without taking any action to contact the Court about his desire to raise a federal challenge to his conviction. Blank habeas petitions are always available from the Clerk of Court upon request to those who are pursuing their federal rights. Petitioner's behavior does not establish the diligence required to merit equitable tolling of the statute of limitations.

Petitioner's habeas action is clearly untimely, and, having been given an opportunity to establish that it should be deemed timely by way of equitable tolling, Petitioner has failed to do so. Accordingly, this case is **DISMISSED** as untimely pursuant to 28 U.S.C. § 2244(d).

The Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a Section 2254 petitioner. Rule 11(a), Rules Gov'g § 2254 Cases. A petitioner may not take an appeal unless a district or circuit judge issues a COA. 28 U.S.C. § 2253(c)(1);

Fed. R. App. P. 22(b)(1).  A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the COA must "indicate which specific issue or issues satisfy the [required] showing . . . ." 28 U.S.C. § 2253(c)(3).  A "substantial showing" is made when the petitioner demonstrates that "'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  "[A] COA does not require a showing that the appeal will succeed," *Miller-El*, 537 U.S. at 337, but courts should not issue a COA as a matter of course. *Id.*

In this case, the Court has determined that the Petition is clearly time-barred.  Because an appeal by Petitioner would not merit further attention, the court **DENIES** a COA.  Petitioner may, however, seek a COA directly from the Sixth Circuit Court of Appeals. Rule 11(a), Rules Gov'g § 2254 Cases.

This is the final Order denying all relief in this case.  The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE